[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14656
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A98-705-797,
A98-705-798

ALKETA SERIANI,
ARTAN SERIANI,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 29, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alketa Seriani ("Seriani") and her husband, Artan Seriani (collectively, "petitioners"), petition for review of the Board of Immigration Appeals' ("BIA")

final order affirming the Immigration Judge's ("IJ") order denying asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).[1]  On appeal, petitioners challenge the IJ's and the BIA's finding that Seriani did not satisfy her burden of proving asylum and withholding-of-removal eligibility because she failed to produce sufficient corroborating evidence.  After thorough review, we deny the petition.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  "Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well."  Id.  In this case, the BIA agreed with the reasoning of the IJ.  Accordingly, we will discuss both decisions.  See id.

To the extent that the BIA's decision was based on a legal determination, review is de novo.  Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001).  We review the BIA's factual determinations under the substantial-evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Al

---

[1] Upon their arrival in the United States, Seriani requested asylum and/or withholding of removal under CAT, and Artan requested derivative relief as Seriani's spouse.

Najjar, 257 F.3d at 1283-84 (quotation omitted).  The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (quotation omitted).  "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it."  Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

First, we reject petitioners' argument that substantial evidence does not support the denial of Seriani's application for asylum and withholding of removal. An alien who arrives in or is present in the United States may apply for asylum and withholding of removal.  See 8 U.S.C. §§ 1158(a)(1), 1231(b)(3)(A).  The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee."  See 8 U.S.C. § 1158(b)(1).  A "refugee" is

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]

8 U.S.C. § 1101(a)(42)(A).  The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R. § 208.13(a).  In order to meet this burden, "the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future

3

persecution on account of a protected ground." Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution" on account of a statutorily protected ground. Al Najjar, 257 F.3d at 1287 (quotation omitted).

An alien seeking withholding of removal must show that it is more likely than not that she will be persecuted or tortured upon being returned to her country. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005). This standard is more stringent than the standard for asylum. Id. Accordingly, an alien who fails to establish eligibility for asylum generally cannot satisfy the higher burden for withholding of removal. Id. at 1232-33.

The alien's testimony, if credible, may be sufficient to sustain the burden of proof for asylum or withholding of removal without corroboration. 8 C.F.R. §§ 208.13(a), 208.16(b); De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1012 (2008). "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). In In re S-M-J-, 21 I.&N. Dec. 722 (BIA 1997) (en banc), the BIA held that, where the record contains general country condition information and the claim of an asylum applicant relies primarily on personal experiences not reasonably subject to verification, corroborating documentary evidence of the applicant's

4

particular experience is not required, but where it is reasonable to expect such corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, the evidence should be provided or an explanation should be given as to why the information was not presented. Id. at 725. The failure to provide such corroborating evidence informs the determination of whether credible testimony meets the burden of proof. Id. at 725-26.

As an initial matter, petitioners' argument that the BIA dismissed their petition on considerations relevant to an adverse credibility finding is without merit, since the BIA explicitly found that the IJ made no adverse credibility finding and denied relief because Seriani failed to satisfy her burden of proof by not producing sufficient corroborating evidence.

As to the merits of Seriani's claim, the IJ's decision to deny relief, affirmed by the BIA, is supported by reasonable, substantial, and probative evidence on the record considered as a whole. See Al Najjar, 257 F.3d at 1284. Although the IJ and the BIA did not find Seriani incredible, they found her testimony to be weak, given its vague and confusing nature. See Yang, 418 F.3d at 1201. Because Seriani could offer no explanation of the month-long treatment she received from an Albanian doctor or more details concerning her 2003 speech, as the IJ noted, the record does not compel a different finding. See Mendoza, 327 F.3d at 1287.

Moreover, on this record, corroborative evidence was needed. See Yang, 418 F.3d at 1201. The corroborating evidence produced by Seriani included (1) a copy of Seriani's Democratic Party of Albania ("DP") membership card; (2) a letter from her father, Agron Kroi, stating that Seriani had been beaten and mistreated in a police station where he was being held after the October 1, 2000, election; (3) a letter from a family friend indicating that Seriani and her husband Artan had received shelter in his home after fleeing to a different city; (4) a doctor's letter indicating that Seriani had received a medical examination because she was hemorrhaging and had hematoma on areas of her body; and (5) Seriani's obstetrical and gynecological records concerning the 2005 birth of her son. The IJ and the BIA found this evidence to be lacking because no document made reference to Seriani's abduction or sexual assault, a fact central to her claim, and the evidence did not include documentation from the DP.

The IJ also noted that the Country Profile for 2001 called into question claims for asylum based on political persecution, as well as the reliability of Albanian medical evidence. Given Seriani's extensive involvement in the DP, the widespread recognition of her family's opposition to communism, the particularity of her claim, and the additional time she was provided in which to obtain supporting documents, it was not unreasonable to expect her to provide more meaningful corroboration. See In re S-M-J-, 21 I.&N. Dec. at 724-27.

6

While Seriani explained that her obstetrical records made no reference to her sexual assault because she was too embarrassed to discuss the incident in the presence of her friend and interpreter, she offered no explanation for the insufficiencies in the Albanian doctor's letter or the absence of corroborating evidence from the DP. See id. at 725. Also, it is notable that Seriani's husband was present during the hearing and did not testify, although he had witnessed Seriani's condition after the rape and took her to see the Albanian doctor.

Because Seriani could have obtained additional corroborative evidence, including medical records attesting to her rape and documentation from the DP attesting to her active participation in the party, the record does not compel a different conclusion than that reached by the IJ and the BIA. See Mendoza, 327 F.3d at 1287. Thus, the IJ did not err by requiring Seriani to produce additional corroborating evidence in order to sustain her burden of proof for her asylum claim. See id.; In re S-M-J-, 21 I.&N. Dec. at 724-25. And because Seriani failed to satisfy her burden of proof for asylum, she necessarily failed to satisfy the higher burden for withholding of removal. See Sepulveda, 401 F.3d at 1232-33.

Lastly, we agree with the government's claim that petitioners have abandoned their opportunity to challenge the denial of CAT relief because they offer no argument in support of their statement that they are challenging the denial

of CAT protection.  When a party fails to offer argument on an issue, that issue is abandoned.  See id. at 1228 n.2.

In their brief, petitioners identify proper consideration of CAT as an issue on appeal and provide law on CAT.  However, they do not advance an argument on the matter.  Because petitioners fail to offer any argument in support of their identification of CAT relief as an issue on appeal, they have abandoned the issue, and we deny their petition in this regard.  See id.

**DENIED.**